UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELODEE MICHALARES-OWENS,

    Plaintiff,

v.

ME, MYSELF & I, INC. and BETTY HUGHES,

    Defendants.
_____/

Case No. 8:19-CV-03055-T-02AEP

## ORDER GRANTING THE MOTION TO DISMISS

This matter is before the Court on Defendants Me, Myself & I, Inc. and Betty Hughes's Motion to Dismiss, Dkt. 21, Melodee Michalares-Owens's Complaint, Dkt. 2. Plaintiff filed a response in opposition. Dkt. 22. The Court grants the Motion to Dismiss.

## LEGAL STANDARD

A motion to dismiss because the plaintiff lacks standing is an attack on the district court's subject matter jurisdiction and is brought pursuant to Rule 12(b)(1). *Doe v. Pryor*, 344 F.3d 1282, 1284 (11th Cir. 2003). When defendants make a facial attack on subject matter jurisdiction the plaintiff receives similar safeguards to a challenge under Rule 12(b)(6). *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citation omitted).

"Accordingly, the court must consider the allegations in the plaintiff's complaint as true." *Id.* (internal quotation omitted).

## DISCUSSION

Plaintiff is a disabled individual who requires the use of various aids to walk. Dkt. 2 at 2. She brings this suit under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Defendant Me, Myself & I, Inc is the owner of a public accommodation located at 801 Clearwater-Largo Road South, Largo, FL 33770 and Defendant Betty Hughes is the owner and lessee of Lanore's Nifty 50's Café ("Restaurant") located at 817 Clearwater-Largo Road South, Largo, FL 33770. Dkt 2 at 3. Plaintiff's Complaint lists fourteen alleged ADA violations. Dkt 2 at 7. Defendants argue that Plaintiff lacks standing to seek injunctive relief. Dkt 21 at 4–5.

To establish standing, Plaintiff must show: (1) she suffered an "injury-in-fact"; (2) a causal connection between the asserted injury-in-fact and the challenged action of the Defendant; and (3) "the injury will be redressed by a favorable decision." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (citations omitted). "[A]t the pleading stage, [Plaintiff] must 'clearly ... allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). "To establish injury in fact, [Plaintiff] must show that [she] suffered 'an invasion of a legally protected

2

interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citation omitted).

First, whether Plaintiff is an "ADA tester" or concealed her reasons for visiting, her motives for going to Defendant's restaurant are irrelevant. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013). "A plaintiff can establish injury-in-fact by showing a loss of opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of any entity." *Houston v. 7-Eleven, Inc.*, No. 8:13-cv-1845-T-17AEP, 2014 WL 5488805, at *7 (M.D. Fla. Oct. 30, 2014). Whatever her purported reasons for going to Defendant's restaurant, Plaintiff is a disabled individual for the purposes of the ADA and alleges she encountered barriers to access. This is enough to plead an injury-in-fact.

That said, "[t]he 'injury-in-fact' demanded by Article III [of the ADA] requires an additional showing when injunctive relief is sought." *Marod Supermarkets*, 733 F.3d at 1328. Since Plaintiff is seeking injunctive relief under the ADA, she "must also plausibly show that she will suffer disability discrimination by the defendant in the future." *Kennedy v. Solano*, 735 F. App'x 653, 655 (11th Cir. 2018). This threat of future injury must be "real and immediate" rather than "conjectural or hypothetical." *Marod Supermarkets*, 733 F.3d at 1329. Factors that are looked at to determine whether the threat is "real and

3

immediate" are: "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business." *Id.* at 1337 n.6. These factors are not exclusive, nor is one factor dispositive. *Id.*

Defendants argue that Plaintiff lacks standing because she has not alleged a sufficient proximity to the Restaurant. Dkt. 21 at 11. Defendants argue that merely alleging that she resides in Pinellas County does not sufficiently establish proximity and that she needs to allege the location of her residence and its proximity to the Restaurant. *Id.* Plaintiff argues that alleging her residence is in Pinellas County and that Defendants' Restaurant is in Pinellas County is sufficient to meet the proximity factor because Pinellas County is only 38 miles long and 15 miles wide. Dkt. 22 at 10.

Defendants cited no case law that requires the Plaintiff to provide her street address to prove proximity and the Court found none. Taking Plaintiff's allegation as true it is sufficient at this point in the litigation to establish proximity because it is reasonable that someone would visit a restaurant located in the county in which they live. Pinellas County is the second smallest county in Florida.

4

The second factor is past patronage of the Defendants' Restaurant. This factor cuts against Plaintiff because she only alleges that she visited the Restaurant once. *Kennedy v. Solano*, 735 F. App'x 653, 655 (11th Cir. 2018).

Next Defendants argue that because Plaintiff is a serial litigant that her stated desire to return is not credible. Dkt. 21 at 12. Plaintiff responds that her allegation that she will return to the restaurant within 90 days of service of process is sufficient. Dkt. 22 at 9. Plaintiff alleges that she is "a consumer who frequents businesses in the Tampa Bay Area" and her "attorneys, friends, and medical providers are located in the Tampa Bay area which she frequents often and on a constant basis." Dkt. 2 at 3. While this is more specific than alleging that she will "some-day" return, it is far from a definitive plan.

"An intent to return in the future to a place once-visited without an additional connection to the area or reason to visit again does not suffice for standing." *Longhini v. J.U.T.A., Inc.*, No. 6:17-CV-987-ORL-40KRS, 2018 WL 1305909, at *4 (M.D. Fla. Mar. 13, 2018). "Moreover, the tester motive has been recognized as legitimate, but a desire to return to test for ADA compliance has not been deemed sufficient, without more, to support standing." *Id.* Plaintiff does not allege that the Restaurant is near or on route to her attorneys, friends, or medical providers. This makes her case different from the often-cited *Houston*, where that plaintiff alleged that the grocery store was within two miles of his attorneys' office

5

and he planned on stopping there during his frequent meetings with them. *See Houston*, 733 F.3d at 1336; s*ee also Kennedy v. Schling LLC*, No. 6:17-CV-74-ORL-22TBS, 2017 WL 6597119, at *5–6 (M.D. Fla. Nov. 14, 2017).

Finally, Defendants argue that Plaintiff has not alleged that she travels near the Restaurant often. Defendants argue that Plaintiff failed to allege frequent visits near the Restaurant and that there are closer and more convenient locations Plaintiff could go. Dkt. 21 at 13. However "[t]he mere existence of other restaurants has no bearing on Plaintiff's intent to return to Defendant's restaurant." *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1223 (M.D. Fla. 2012) (citing *Norkunas v. Seahorse NB, L.L.C.*, 720 F. Supp. 2d 1313, 1317 (M.D. Fla. 2010)). Plaintiff argues that she alleged that she frequently travels within the Tampa Bay area for business. Dkt. 22 at 10; Dkt. 2 at 3. But a single general allegation of frequenting an area as vague and large as the "Tampa Bay area" is weak evidence for a resident of Pinellas County to establish frequency to this Restaurant.

Taking the totality of the circumstances, Plaintiff has failed to meet her burden to adequately allege facts that indicate a future injury required for injunctive relief. While some factors tilt towards the Plaintiff, they are outweighed by a lack of an intent to return and no history of past patronage.

## CONCLUSION

For the reasons stated above the Court grants the Motion to Dismiss without prejudice. Dkt. 21. Plaintiff may file an amended complaint within twenty (20) days of this Order.

**DONE AND ORDERED** at Tampa, Florida, on May 19, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record