UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELODEE MICHALARES-OWENS,

    Plaintiff,

v.                                     Case No. 8:19-cv-03055-T-02AEP

ME, MYSELF & I, INC. and BETTY
HUGHES,

    Defendants.
_____/

**ORDER GRANTING THE MOTION TO DISMISS**

    This matter is before the Court on Defendants Me, Myself & I, Inc. and Betty Hughes's Motion to Dismiss, Dkt. 30, Melodee Michalares-Owens's Amended Complaint, Dkt. 26. Plaintiff did not file a response and the time to do so has expired. The Court grants the Motion to Dismiss.

    The facts and procedural background of this case were discussed in detail in a previous order. Dkt. 23. As Plaintiff submitted a nearly identical complaint, the Court will not restate the facts or the law from that Order.[1] The only material changes in the Amended Complaint are an address for Plaintiff and reason why each of the alleged violations injured Plaintiff.

---

[1] The Amended Complaint appears to be copied from the original complaint on the docket, as the case number and docket entry appear where the page breaks on the original complaint were, often awkwardly breaking up sentences in the Amended Complaint. Dkt. 26 at 3–7, 9–12.

In the prior Order the Court provided Plaintiff with the four factors used to establish a real and immediate injury in fact. Dkt. 23 at 3–4. The factors are: "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1337 n.6 (11th Cir. 2013). This Court found that in her initial complaint Plaintiff failed to allege facts that indicate a future injury because she lacked an intent to return and had no history of past patronage. In her Amended Complaint Plaintiff did not address either of these factors. Thus, Plaintiff has failed to meet her burden for injunctive relief for the same reasons stated in the prior Order. Dkt. 23.

Defendants also argue that since Plaintiff initially filed her complaint the restaurant has permanently closed. Dkt. 30 at 4. They provided affidavits to support this contention. Dkts. 29 & 32. There is a heavy burden in persuading the Court that the challenged conduct cannot be easily revived when a defendant makes a claim of voluntary cessation. *Houston v. 7-Eleven, Inc.*, No. 8:13-CV-1845-T-17AEP, 2014 WL 5488805, at *12 (M.D. Fla. Oct. 30, 2014); *see Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007). As a determination on voluntary cessation is unnecessary at this point because Plaintiff otherwise lacks standing, the Court makes no finding on the status of the

restaurant. But Defendants correctly argue that if the restaurant is permanently closed the case is moot.

The Court grants the Motion to Dismiss without prejudice. Dkt. 30. If Plaintiff chooses to amend her complaint, she must address the standing issues and the issue of mootness as Defendants assert the restaurant was closed. Should Plaintiff be unable to replead her ADA claim within fourteen days, this matter will be closed.

**DONE AND ORDERED** at Tampa, Florida, on August 21, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record